IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| POPPED! FESTIVAL, INC. | : | |
| Plaintiff, | | |
| | | |
| v. | : | CIVIL NO. 09-CV-3763 |
| | | |
| LIVE NATION WORLDWIDE, INC.; | : | |
| GEOFF GORDON; and JIM SUTCLIFFE | | |
| Defendants. | | |

## MEMORANDUM

**Jones, J.**                                                                                   **February 17, 2010**

### I.      Introduction

Plaintiff brings the within Motion to Remand on the basis that there is no diversity

jurisdiction between the parties in the above-captioned matter and it was improperly removed

from the Philadelphia Court of Common Pleas.  Defendant Live Nation opposes Plaintiff's

Motion to Remand on the bases that: (1) Live Nation is not a citizen of Pennsylvania; (2)

Plaintiff fraudulently joined Defendants Geoff Gordon and Jim Sutcliffe in order to defeat

diversity jurisdiction; and, (3) Plaintiff's Motion to Remand is untimely.

For the reasons which follow, Plaintiff's Motion will be granted.

### II.     Discussion

The Federal Rules regarding removal provide in pertinent part, as follows:

> Any civil action of which the district courts have original jurisdiction founded on
> a claim or right arising under the Constitution, treaties or laws of the United States
> shall be removable without regard to the citizenship or residence of the parties.

Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. §1441(b).

Additionally,

According to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

\*.\*.\*.\*

While a corporation may be a citizen of two states, it can only have one principal place of business.

*Freedom Props., L.P. v. Lansdale Warehouse Co.*, 2007 U.S. Dist. LEXIS 41778, at *8 (E.D. Pa. June 7, 2007)(citation omitted). *See also Waste Mgmt. v. Arnoni*, 2006 U.S. Dist. LEXIS 81463, at *12 (W.D. Pa. Nov. 7, 2006)("A corporation may have offices and do business in numerous states, perhaps even all of them, but it is not a citizen of every state in which it does business; to the contrary, a corporation has only one principal place of business for purposes of establishing diversity jurisdiction.").

In that same vein,

Diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." A corporation can only have one principal place of business. Moreover, a corporation may conduct business in a state of which it is not a citizen. Furthermore, serving a corporation in a particular state does not make that corporation a citizen of the state for purposes of diversity jurisdiction. Ultimately, "[w]hether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed."

*Lasch v. Idearc Media Corp*, 2007 U.S. Dist. LEXIS 90479, at **5-7 (E.D. Pa. Dec. 7,

2

2007)(citations omitted).

To determine the principal place of business, courts in this District apply a "center of corporate activities," test which was summarized by the Honorable Michael Baylson as follows:

> Under this test, the *Kelly* court requires courts to ascertain the headquarters of the day-to-day corporate activity and management. To make this determination, a court looks not where final decisions are made on corporate policy, but rather where the corporation conducts its affairs. In *Kelly*, the Third Circuit looked to the location and composition of the defendant corporation's Operation Policy Committee, which was responsible for conducting the corporation's business in manufacturing, mining, transportation and general operation, along with policy decision-making and various appointment powers, the location of its Vice Presidents, General Solicitor and the employees to determine the corporation's principal place of business. Relevant factors of lesser importance include: (1) location of physical plants; (2) location of assets; and (3) location of employees. The *Kelly* court also considered several other factors upon which it did not place great weight. For example, the place of the meeting of the shareholders alone cannot be the principal place of business of a corporation. Although, the situs of the board of director's meetings and financing decisions may be a factor in determining a corporation's principal place of business, this alone will ordinarily not suffice.

*Bruesewitz v. Wyeth, Inc.,* 2006 U.S. Dist. LEXIS 13206, at **4-6 (E.D. Pa. Mar. 27, 2006), *aff'd,* 561 F.3d 233 (3d Cir. 2009)(citation omitted).

In the instant matter, Plaintiff seeks remand on the bases that: (1) Live Nation has several venues in Philadelphia; (2) Live Nation regularly advertises in Philadelphia; (3) Live Nation pays business privilege and net profits taxes to the City of Philadelphia; and, (4) Live Nation has frequently fallen under the jurisdiction of the Philadelphia Court of Common Pleas. (Mem. Sup. Mot. Remand, 5.) Live Nation Worldwide, Inc. is a Delaware Corporation with its corporate headquarters in California. Live Nation's Vice President and Associate General Counsel has averred as follows: (1) Live Nation owns, leases, manages and/or exclusively books more than 150 venues worldwide; (2) out of more than 3,000 full-time employees of Live Nation, 867 of

them are in California, as opposed to 50 in Pennsylvania; (2) California is where Live Nation's

executive officers are located.; (3) Live Nation's Board of Directors, including its Audit

Committee, Compensation Committee, and Nominating and Governing Committee, conduct

their meetings in California; and, (4) Live Nation's retirement plans and insurance plans are

administered at its Beverly Hill, California office. (Opp. to Pl.'s Mot. Remand, Ex. A, ¶¶ 7-11.)

Based upon these facts, it is clear that the headquarters of the day-to-day corporate activities or

"nerve center" of the enterprise is in California. Therefore, in accordance with *Bruesewitz*,

California is Defendant Live Nation's sole principal place of business and although it is a citizen

of both Delaware and California, it is not a citizen of Pennsylvania.

Having reached this conclusion, the court must now address Defendant Live Nation's

contention that Defendants Gordon and Sutcliffe were fraudulently joined for purposes of

defeating diversity jurisdiction. The concept of "fraudulent joinder" has been described as

follows:

> In a suit with named defendants who are not of diverse citizenship from the
> plaintiff, the diverse defendant may still remove the action if it can establish that
> the non-diverse defendants were "fraudulently" named or joined solely to defeat
> diversity jurisdiction. [J]oinder is fraudulent if "there is no reasonable basis in fact
> or colorable ground supporting the claim against the joined defendant, or no real
> intention in good faith to prosecute the action against the defendant or seek a joint
> judgment."

*In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)(citations omitted). *See also Ayala-Castro v.*

*GlaxoSmithKline (In re Avandia Mktg.),* 624 F. Supp. 2d 396, 411-412 (E.D. Pa. 2009).

Moreover,

> In evaluating the alleged fraud, the district court must "focus on the plaintiff's
> complaint at the time the petition for removal was filed. In so ruling, the district
> court must assume as true all factual allegations of the complaint.". It also must
> "resolve any uncertainties as to the current state of controlling substantive law in

favor of the plaintiff."

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-852 (3d Cir. Pa. 1992).  *See also Collins v. David Brown Union Pumps Co.*, 2007 U.S. Dist. LEXIS 29942, at **5-6 (E.D. Pa. Apr. 23, 2007)("In making its determination, a court must focus on the plaintiff's complaint at the time the petition for removal was filed and assume as true all factual allegations made in the complaint.").

The burden of demonstrating fraudulent joinder is a heavy one and it rests on the party making the charge . . . "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Briscoe* at 216. Additionally, "A plaintiff's failure to adequately plead a viable cause of action against the defendant in question must be 'obvious according to the settled rules of the state.'"  *Brown v. SmithKline Beecham Corp. (In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.),* 2009 U.S. Dist. LEXIS 51558, at *11 (E.D. Pa. June 18, 2009)(citation omitted).

Plaintiff herein alleges that Defendants Gordon and Sutcliffe engaged in a civil conspiracy to wrongfully prevent the band The Roots from performing at the 2008 Popped! Festival and to prevent Plaintiff from producing a successful 2009 Popped! Festival. (Compl. ¶¶ 86, 91.)  It is well-settled that:

> A cause of action for civil conspiracy requires "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage."  A combination requires that "two or more persons combine or enter an agreement" to commit the unlawful act.  A "single entity cannot conspire with itself and, similarly, agents of a single entity cannot conspire among themselves."

*Smith v. John Hancock Ins. Co.,* 2008 U.S. Dist. LEXIS 66912, at *22 (E.D. Pa. Sept. 2,

2008)(citations omitted).  *See also Fox v. Keystone Turf Club*, 1997 U.S. Dist. LEXIS 19370, at

**5-6 (E.D. Pa. Dec. 4, 1997).

In support of removal and in opposition to the instant Motion, Defendant Live Nation

relied upon the Pennsylvania Superior Court's decision in *Rutherfoord v. Presbyterian-University*

*Hosp.*, 612 A.2d 500 (Pa. Super. 1992) for the proposition that "[a] single entity cannot conspire

with itself, and similarly, agents of a single entity cannot conspire among themselves." *Id* at 508.

However, this Court further notes that:

> [A] corporation can conspire with its agents or employees if the agents or
> employees are acting not for the corporation, but for personal reasons, and one of
> the parties to the conspiracy is not an agent or employee of the corporation.
> Johnston, 445 F.2d at 426-27. ***This rule has been read expansively to allow a***
> ***claim for civil conspiracy to go forward where agents or employees act outside***
> ***of their roles as officers and employees of the corporation*** <u>***even in the absence***</u>
> <u>***of a co-conspirator from outside the corporation***</u>. *Sanzone v. Phoenix*
> *Technologies, Inc.*, No. 89-5397, 1990 U.S. Dist. LEXIS 4656, at * 33 (E.D. Pa.
> Apr. 18, 1990); *Denenberg v. American Family Corp.*, 566 F. Supp. 1242, 1253
> (E.D. Pa. 1983); *O'Neill v. ARA Services, Inc.*, 457 F. Supp. 182, 188 (E.D. Pa.
> 1978).

*Doe v. Kohn Nast & Graf*, P.C., 862 F. Supp. 1310, 1328 (E.D. Pa. 1994)(emphasis added).  *See*

*also Neyer, Tiseo & Hindo, Ltd. v. Russell,* 1993 U.S. Dist. LEXIS 2738, at *16 (E.D. Pa. Mar. 2,

1993)("When corporate agents or employees act on their own behalf, they are legally capable of

an intracorporate conspiracy.").

Plaintiff acknowledges in the Complaint that at all relevant times, Defendants Gordon

and Sutcliffe were acting as shareholders, agents, workmen, servants, and/or employees of

Defendant Live Nation. (Compl. ¶¶ 3-4.)  However, Plaintiff brings his civil conspiracy claims

against Defendants Gordon and Sutcliffe in their individual capacity and in doing so, avers that

said defendants acted with common purpose to " . . .maintain their reputations and their control

6

over the concert production market in Philadelphia . . ."  (Compl. ¶¶ 87, 91.)  Plaintiff has also

alleged facts to demonstrate that in the process of doing so, said defendants engaged in overt acts

which resulted in tortious interference with existing and/or prospective contractual relations and

a breach of contract, which in turn caused damage to Plaintiff.

The specific facts leading up to the establishment and breakdown of the business

relationship between Plaintiff and Defendants Gordon and Sutcliffe, coupled with Plaintiff's

allegations regarding said defendants' stake in maintaining their personal reputations in the

industry, adequately demonstrate a reasonable basis in fact and/or colorable ground which

supports Plaintiff's claims.  Moreover, this Court finds no evidence of a lack of real intention by

Plaintiff to in good faith prosecute the action against Defendants Gordon and Sutcliffe.

The Third Circuit has established that:

> "[I]f there is ***even a possibility*** that a state court would find that the
> complaint states a cause of action against any one of the resident
> defendants, the federal court must find that joinder was proper and remand
> the case to state court."  Furthermore, we recently have held that "where
> there are colorable claims or defenses asserted against or by diverse and
> non-diverse defendants alike, the court may not find that the non-diverse
> parties were fraudulently joined based on its view of the merits of those
> claims or defenses."

*Batoff,* 977 F.2d at 851(citations omitted)(emphasis added).

In view of the foregoing, this Court is unable to find that Defendants Gordon and

Sutcliffe have been fraudulently joined for purposes of defeating diversity jurisdiction.

It is well-settled that:

> Federal removal statutes are to be strictly construed against removal and all
> doubts should be resolved in favor of remand. [T]he Third Circuit interpreted 'all
> doubts' to mean that if there is any doubt as to the propriety of removal, [the] case
> should not be removed to federal court.  The removing party bears the burden of
> proving the existence of federal subject matter jurisdiction.

7

*Alex v. Eckerd Drugs*, 2006 U.S. Dist. LEXIS 57468, at **4-5 (W.D. Pa. Aug. 14, 2006). *See also USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 206 (3d Cir. 2003)("[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand.") .

Based upon this standard, Plaintiff is entitled to remand. However, Defendant Live Nation raises one final issue in its Opposition to Plaintiff's Motion to Remand regarding the timeliness of said Motion. Subsection ( c) of 28 U.S.C.S. §1447 provides as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a) [28 USCS § 1446(a)]. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C.S. § 1447( c).

The subject matter jurisdiction of a federal court is invoked when a cause of action presents a federal question or involves diversity of citizenship . . .

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000.

*Arbaugh v. Y & H Corp*., 546 U.S. 500, 513 (2006)(citations omitted).

The case presently before this Court involves causes of action arising purely from state law. Moreover, as discussed hereinabove, complete diversity is lacking, as Defendant Live Nation failed to establish that Plaintiff fraudulently joined Defendants Gordon and Sutcliffe.

Therefore, this court lacks subject matter jurisdiction over the within matter and pursuant to 28 U.S.C.S. §1447( c), a motion to remand may be made at any time prior to final judgment, for subject matter jurisdiction cannot be forfeited or waived. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Accordingly, the instant Motion for Remand is not untimely.

As a final consideration for this Court, Plaintiff has requested reimbursement of all costs associated with Defendants' improper removal of this case. As provided above, 28 U.S.C.S. § 1447 ( c) provides in pertinent part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has opined as follows:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447( c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Plaintiff bases its request for costs on Defendant Live Nation's ". . . remarkably fatuous assertion that [it] is not a Pennsylvania citizen." (Doc. No. 6, p. 7) As discussed more fully hereinabove, this Court has determined that for jurisdictional purposes, Defendant Live Nation is not a citizen of Pennsylvania. However, this Court further notes that said Defendant did not meet its burden of establishing that Plaintiff fraudulently joined Defendants Gordon and Sutcliffe. Nevertheless, this Court cannot conclude that Defendant Live Nation lacked an objectively reasonable basis for seeking removal, as its burden was a heavy one. Accordingly, Plaintiff's request for costs shall be denied.

## III.    Conclusion

For the reasons set forth hereinabove, Plaintiff's Motion for Remand is granted and the within matter is hereby remanded back to the Philadelphia Court of Common Pleas.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones   II        J.